# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NORTHSTAR SYSTEMS LLC, § § § § Plaintiff, § § v. § § WALMART INC., § § Defendant. § § § | Case No. **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NorthStar Systems LLC ("NorthStar" or "Plaintiff") for its Complaint against Defendant Walmart Inc. ("Walmart" or "Defendant") alleges as follows:

## THE PARTIES

1. NorthStar is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 203 East Travis Street, Marshall, Texas 75670

2. Upon information and belief, Defendant Walmart Corp. is a corporation organized under the laws of the state of Delaware with a regular and established place of business in this Judicial District at 6001 N Central Expy, Plano, Texas 75023.  Upon information and belief, Walmart does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other things, Defendant is subject to personal jurisdiction in this Judicial District, has a regular and established place of business in this Judicial District, has purposely transacted business involving the accused products in this Judicial District, including sales to one or more customers in Texas, and certain of the acts complained of herein, including acts of patent infringement, occurred in this Judicial District.

6. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

7. On September 2, 2003, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,614,349 (the "'349 Patent") entitled "Facility And Method For

Tracking Physical Assets."  A true and correct copy of the '349 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=6614349.

8. On February 24, 2004, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,697,103 (the "'103 Patent") entitled "Integrated Network for Monitoring Remote Objects."  A true and correct copy of the '103 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=6697103.

9. On July 23, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,493,442 (the "'442 Patent") entitled "Object Location Information."  A true and correct copy of the '442 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=8493442.

10. NorthStar is the sole and exclusive owner of all right, title, and interest in the '349, '103, and '442, Patents (the "Patents-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit.  NorthStar also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

11. The Patents-in-Suit generally covers systems and methods for tracking physical assets.

12. The '349 Patent generally discloses a communication system for an asset to be monitored which operates to periodically receive a signal from a monitoring facility.  In response to an absence of a signal, the communication system communicates with the module through a second communication system.  The technology described in the '349 Patent was developed by Rod L. Proctor and Andrew J. Rimkus of Airbiquity Inc.  By way of example, this technology is

implemented today in RFID asset tracking systems used by department stores and supply chain inventory management.

13. The '103 Patent discloses a method for monitoring remote object location through the use of an integrated network and a database. The technology described in the '103 Patent was developed by Dennis Sunga Fernandez and Irene Hu Fernandez. By way of example, this technology is implemented today in RFID asset tracking systems used by department stores and supply chain inventory management.

14. The '442 Patent discloses systems and methods for monitoring remote object location through the use of a processor configured to correlate data. The technology described in the '103 Patent was developed by Dennis Sunga Fernandez and Irene Hu Fernandez. By way of example, this technology is implemented today in RFID asset tracking systems used by department stores and supply chain inventory management.

15. Walmart has infringed and is continuing to infringe the Patents-in-Suit by making, using, offering to sell, selling, and/or importing inventory tracking systems, such as RFID and other electronic article surveillance ("EAS") systems used to monitor Walmart stores and supply chain.

## COUNT I
### (Infringement of the '349 Patent)

16. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17. NorthStar has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '349 Patent.

18. Defendant has and continues to directly infringe the '349 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each

and every limitation of one or more claims of the '349 Patent.  Such products include RFID and other EAS systems used to monitor Walmart stores and supply chain.

19. For example, Defendant has and continues to directly infringe at least claim 1 of the '349 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include RFID and other EAS systems used to monitor Walmart stores and supply chain.  Upon information and belief, Walmart uses these products in its stores and inventory warehouses.

[1]

---

[1] https://walmartsupplychain.weebly.com/rfid-technology.html.



---

[2] Photo taken at Walmart, 400 Park Plaza Dr, Secaucus, NJ 07094, on December 11, 2020.

[3]

20.     The Accused Products include a method of monitoring an inventory of assets, each having a communication module, the method comprising: providing a facility having a first wireless communication system operable to communicate with each module.  For example Walmart stores include RFID communication systems located throughout the store, such as, for example on the RFID tags placed on merchandise.  The Accused Products generate a first communication between the first system and each module.  For example, the RFID tags on the Walmart merchandise communicate with the RFID readers used in that facility.  Based on the communication, the Accused Products establish an inventory of assets in the facility.  For example, the RFID readers in Walmart facility, are able to generate a list of nearby assets.  Upon information

---

[3] Photo taken at Walmart, 400 Park Plaza Dr, Secaucus, NJ 07094, on December 11, 2020.

and belief, based on the inventory, the Accused Products identify a missing asset absent from the facility and generate a second communication via a second communication system operating outside the facility.

21. Defendant has and continues to indirectly infringe one or more claims of the '349 Patent by knowingly and intentionally inducing others, including Walmart customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States inventory tracking systems, such as products that include RFID and other EAS systems used to monitor Walmart stores and supply chain.

22. Defendant, with knowledge that these products, or the use thereof, infringe the '349 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '349 Patent by providing these products to end users for use in an infringing manner.

23. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '349 Patent, but while remaining willfully blind to the infringement.

24. NorthStar has suffered damages as a result of Defendant's direct and indirect infringement of the '349 Patent in an amount to be proved at trial.

25. NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '349 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '103 Patent)

26. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

27. NorthStar has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '103 Patent.

28. Defendant has directly infringed the '103 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '103 Patent. Such products include RFID and other EAS systems used to monitor Walmart stores and supply chain.

29. For example, Defendant has directly infringed at least claim 12 of the '103 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include RFID and other EAS systems used to monitor Walmart stores and supply chain. Upon information and belief, Walmart uses these products in its stores and inventory warehouses.

30. The Accused Products include an integrated digital monitoring system comprising a fixed network (*e.g.*, an EAS security gate system or barcode scanning system used at checkout) including a controller and a plurality of detectors.



31. On information and belief, the Accused Products include a mobile network (*e.g.*, an RFID tagging and scanning system) system including a plurality of mobile sensors, associated with a plurality of mobile objects.

---

[4] Photo taken at Walmart, 400 Park Plaza Dr, Secaucus, NJ 07094, on December 11, 2020.

32. The Accused Products, upon information and belief, contain such sensors and detectors coupled to the Internet, a method for object surveillance comprising the steps of receiving from at least one detector of the fixed network a first signal for monitoring an object associated therewith; receiving from at least one sensor of the mobile network a second signal for monitoring the associated object; determining a location of the associated object according to the first signal or the second signal; and upon information and belief, storing in a database the location of the associated object.

33. Defendant has indirectly infringed one or more claims of the '103 Patent by knowingly and intentionally inducing others, including Walmart customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as products that include RFID and other EAS systems used to monitor Walmart stores and supply chain.

34. Defendant, with knowledge that these products, or the use thereof, infringed the '103 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '103 Patent by providing these products to end users for use in an infringing manner.

35. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '103 Patent, but while remaining willfully blind to the infringement.

## COUNT III
### (Infringement of the '442 Patent)

36. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

37. NorthStar has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '442 Patent.

38. Defendant has and continues to directly infringe the '442 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '442 Patent. Such products include RFID and other EAS systems used to monitor Walmart stores and supply chain.

39. For example, Defendant has and continues to directly infringe at least claim 1 of the '442 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include RFID and other EAS systems used to monitor Walmart stores and supply chain. Upon information and belief, Walmart uses these products in its stores and inventory warehouses.

40. The Accused Products, upon information and belief, include a system comprising: a communicator configured to receive first data associated with an object and second data associated with the object, wherein the first data is received from a fixed detector (*e.g.*, an EAS security gate system or barcode scanning system used at checkout) configured to detect the first data, and wherein the second data is received from a mobile target unit (*e.g.*, an RFID tagging and scanning system) comprising a sensor configured to detect the second data, wherein the mobile target unit is at least one of: mounted in the object, mounted on the object, carried in the object, or carried on the object; and a processor configured to correlate the first data and the second data to generate object location information.

41. Defendant has and continues to indirectly infringe one or more claims of the '442 Patent by knowingly and intentionally inducing others, including Walmart customers and end-

users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as products that include RFID and other EAS systems used to monitor Walmart stores and supply chain.

42. Defendant, with knowledge that these products, or the use thereof, infringe the '442 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '442 Patent by providing these products to end users for use in an infringing manner.

43. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '442 Patent, but while remaining willfully blind to the infringement.

44. NorthStar has suffered damages as a result of Defendant's direct and indirect infringement of the '442 Patent in an amount to be proved at trial.

45. NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '442 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, NorthStar prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patents-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of one or more of the Patents-in-Suit;

c. An order awarding damages sufficient to compensate NorthStar for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d. Entry of judgment declaring that this case is exceptional and awarding NorthStar its costs and reasonable attorney fees under 35 U.S.C. § 285; and,

e. Such other and further relief as the Court deems just and proper.

Dated: December 30, 2020

Respectfully submitted,

/s/ *Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
230 Park Ave, 3rd Fl. W.
New York, NY 10169
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
**RUBINO IP**
830 Morris Turnpike
Short Hills, NJ, 07078
Telephone: (973) 535-0920
Facsimile (973) 535-0921

Justin Kurt Truelove

Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

**ATTORNEYS FOR PLAINTIFF
NORTHSTAR SYSTEMS LLC.**